STRANSKY v. WEICHMAN et al.

(City Court of New York, General Term. August 2, 1898.)

COSTS—OPENING DEFAULT.
　　If, after an order of the city court opening a default is reversed on appeal, with leave to renew on payment of the costs and disbursements, such payment is made, and the motion renewed and granted, the omission of the latter order to require a further payment of costs is within the exercise of the discretion of the special term justice.

Appeal from special term.

Action by Maurice Stransky against Nathan Weichman and Nathan Ritterman. From an order allowing defendant to renew application to open default, plaintiff appeals. Affirmed.

Argued before CONLAN and OLCOTT, JJ.

Epstein Bros. (Jesse S. Epstein, of counsel), for appellant.
Charles I. Schampain, for respondents.

OLCOTT, J. When this matter was before the appellate term of the supreme court (49 N. Y. Supp. 1123), that tribunal, in reversing a former order of this court, which was found to be erroneous in some of its provisions, gave permission to the defendant Weichman, upon payment of the costs and disbursements awarded against him, to renew his application to the special term of this court to open the default taken against him, and for an extension of time within which to make a certain surrender. In pursuance of such permission, said defendant paid such costs and disbursements to the amount of $158.50, and made such application to our special term; and the justice there presiding granted said application, in the exercise of that discretion which the appellate term held was vested in him. This appeal is taken by the plaintiff from the order so granted.

Counsel for the appellant furnishes a forcible argument against the authority of this court to grant the extension of time for making the said surrender; but the decision of the appellate term, in giving the permission above noted, seems to have passed upon that objection, and disapproved it.

He also objects to the omission of costs to his client in the order now appealed from; but our learned special term justice appears to have been guided in this regard, within the exercise of his discretion, by the fact that the defendant has already paid to the plaintiff the abovementioned large bill of costs.

The fear of counsel for the appellant that his client will, unless the order in question be reversed, be remediless, because of the loss of the original undertaking, is dispelled by the offer contained in respondents' point 14 (which offer may be considered to have the same sanction and force as though made in open court), that a copy of the undertaking may be used during the pendency and upon the trial of this cause in place of the original.

Counsel for the appellant further contends that, at the time of the rendition of judgment, there was in reality no default, but a consent to judgment, given in open court. The evidence is conflicting upon this point; but here, again, we feel precluded from a consideration of the appellant's argument by the opinion of the appellate term, which, after an examination of the whole record, found that there had been a default, and referred the question of opening it to this court. We have not overlooked that portion of the opinion of the appellate term which suggests that certain matters which bear against the defendants' prayer for relief "are at least deserving of weighty consideration"; but there is nothing before us to suggest that they did not receive such consideration in our court below.

The order appealed from should be affirmed, with $10 costs to the respondents to abide the event.

CONLAN, J., concurs.